**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:22-CV-00175-HBB**

LESLIE B.[1]                                                                    PLAINTIFF

VS.

MARTIN O'MALLEY, COMMISSIONER
SOCIAL SECURITY[2]                                                     DEFENDANT

### MEMORANDUM OPINION
### AND ORDER

### BACKGROUND

Before the Court is the Complaint (DN 1) of Leslie B. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).   Both the Plaintiff (DN 12) and Defendant (DN 16) have filed a Fact and Law Summary.   For the reasons that follow, Plaintiff's request for pre-judgment remand pursuant to the sixth sentence in 42 U.S.C. § 405(g) is **DENIED**, and the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 8).   By Order entered April 3, 2023 (DN 9), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.   No such request was filed.

---

1  Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

2  Martin O'Malley became the Commissioner of Social Security on December 20, 2023.   Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

FINDINGS OF FACT

On July 14, 2020, Plaintiff filed an application for Disability Insurance Benefits (Tr. 11, 402-03).   Plaintiff alleged that he became disabled on February 14, 2020, as a result of severe neuropathy, deteriorating discs in lower back and neck, and carpal tunnel syndrome (Tr. 11, 288, 301, 428).   The application was denied initially on September 14, 2020, and upon reconsideration on November 12, 2020 (Tr. 11, 298, 316).[3]   On December 22, 2020, Plaintiff filed a written request for hearing (Tr. 11, 351-52).[4]

On August 23, 2021, Administrative Law Judge Steven Collins ("ALJ") conducted a telephonic hearing due to the extraordinary circumstances presented by the COVID-19 pandemic (Tr. 11, 253-54).   Plaintiff and his counsel, Mary Burchett-Bower, participated telephonically (Id.).   Jane Colvin-Roberson, an impartial vocational expert, also participated and testified telephonically (Id.).

In a decision dated November 1, 2021, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 11-22).   At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 14, 2020, the alleged onset date (Tr. 14).   At the second step, the ALJ determined that Plaintiff has the following severe impairments: cervical degenerative disk disease, polyneuropathy, neuralgia/neuritis, and carpal tunnel syndrome (Id.).   The ALJ also found that Plaintiff's medically determinable impairment of chronic cholecystitis is a "non-severe"

---

3 The ALJ indicates the application was denied upon reconsideration on November 13, 2020 (Tr. 11).   As the Disability Determination and Transmittal form indicates November 12, 2020 (Tr. 316), the undersigned has used that date.

4 The ALJ indicates the written request for hearing was received on December 21, 2020 (Tr. 11).   As the written request indicates December 22, 2020 (Tr. 351), the undersigned has used that date.

impairment (Id.).   At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Id.).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. § 404.1567(b), as he is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit for about six hours in an eight-hour workday; and stand/walk for about six hours in an eight-hour workday; he can occasionally crawl, stoop, and climb ramps/stairs; he can frequently balance, kneel, and crouch; he should never climb ladders/ropes/scaffolds; he can frequently handle, finger, and feel bilaterally; he can occasionally reach overhead bilaterally; he should avoid concentrated exposure to extreme cold, humidity, and vibration; and he should avoid all exposure to dangerous machinery and unprotected heights (Tr. 15).   Additionally, the ALJ determined that Plaintiff is unable to perform any past relevant work (Tr. 20).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 20-21).   The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Id.).   Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from February 14, 2020, through the date of the decision, November 1, 2021 (Tr. 21).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 399-401).   The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

CONCLUSIONS OF LAW

A.  Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Hum. Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.   Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986).   "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."   Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)).   In reviewing a case for substantial evidence, the Court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility."   Cohen v. Sec'y of Health & Hum. Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4).   At that point, the ALJ's decision became the final decision of the Commissioner.   20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).   Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision.   42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton, 2 F.3d at 695-96.

B.  The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.  42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).  The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); 42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.  *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920.  In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5)    Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

C.   Plaintiff's Challenges to the ALJ's Decision

*1.   The ALJ's Physical RFC Finding*

Plaintiff contends that the ALJ's physical RFC findings are not supported by substantial evidence because the ALJ made them without the benefit of a functional capacity opinion from a medical source who considered the medical evidence received at the hearing level (DN 12 PageID # 901-04).[5]   Plaintiff explains that when the State agency medical consultants, Drs. Beard and Back, expressed their functional capacity opinions the record did not include medical Exhibits 5F through 17F (Id. at PageID # 902-903).[6]   Plaintiff acknowledges that the ALJ discusses much of

---

5 Plaintiff's Fact and Law Summary observes that the ALJ failed to recognize a "severe" lumbar spine disorder in Finding No. 3, despite the State agency medical consultants having indicated a lumbar spine impairment in support of their assessed limitations (DN 12 PageID # 900).   The Court declines to address this issue because Plaintiff concedes that the ALJ discussed evidence concerning the lumbar spine impairment in formulating his RFC determination.   *See* Maziarz v. Sec'y of Health & Hum. Servs., 837 F.2d 240, 244 (6th Cir. 1987) (holding that the failure to find a particular impairment is severe at step two is harmless error provided that the ALJ finds at least one impairment is severe and considers the limitations imposed by the claimant's medically determinable severe and non-severe impairments in assessing the claimant's RFC).

6  More specifically, Plaintiff contends that Drs. Beard and Back did not have the opportunity to consider:

1. The August 12, 2021 cervical spine MRI which documents C5-6 disc bulging and spondylosis with mild to moderate left greater than right foraminal stenosis [AR 758-759; also at AR 794-795 and 802-803].

2. The April 26, 2021 and April 7, 2021 office notes from Zia Neurology documenting decreased motor strength (RUE 4/5, LUE 4/5, RLE 3/5, and LLE 3/5) and decreased sensory examination (pin prick increases in stocking pattern; vibration decreased at the ankles; JPS decreased; Light touch decreased) [AR 762 and 765].   Earlier records from Zia Neurology do not document decreased strength in the lower extremities [AR 582, 602, 606, 610, 621, 632-633, 637, 641, 645, 649, 652, and 656].

3. The July 14, 2021, urgent clinic visit treatment for neck pain.   Physical exam findings include decease of range of motion secondary to pain, as well as moderate tenderness of the upper, mid and lower cervical spine and right, left, and central

6

this evidence (Tr. 17-18) but argues that the ALJ is a lay person who is not qualified to assess the raw medical data, such as the August 12, 2021 cervical MRI, in functional terms (Id. at PageID #903-04) (citing Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999)).

Defendant acknowledges that the ALJ found persuasive the functional opinions of Drs. Beard and Back which supported a finding that Plaintiff could perform a range of light work (DN 16 PageID # 912-20).   But Defendant points out that based upon his review of the overall record in the case, including the evidence received at the hearing level, the ALJ imposed additional and more restrictive RFC limitations than those expressed by Drs. Beard and Back, thereby demonstrating that the ALJ properly accounted for the later received evidence and also accorded Plaintiff some benefit of the doubt as to his alleged symptoms and limitations (Id.).   Defendant asserts that the ALJ reasonably accounted for the evidence submitted after the State agency medical consultants' express their functional opinions, when he made the RFC findings set forth in the hearing decision (Id.).

The RFC determination is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations.   20 C.F.R. §§ 404.1545(a), 404.1546(c).   Administrative Law Judges make the RFC finding based on a consideration of medical source statements, prior administrative medical findings, and all other evidence in the case record.   20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c).   Thus, in

---

neck.   Clinical impression is acute right and left cervical radiculopathy [AR 719-720].

4. Records from Taylor Regional Neurology [AR 797-811 and 828-834].

5. The September 16, 2021 consult with Bowling Green Neurosurgical with referral to pain management for consideration of facet rhizotomy [AR 823-826].

(DN 12 PageID # 903).

making the RFC determination Administrative Law Judges must necessarily evaluate the persuasiveness of the medical source statements and prior administrative medical findings in the record as well as assess the claimant's subjective allegations.   20 C.F.R. §§ 404.1520c, 404.1529(a).

The new regulations for evaluating medical opinions and prior administrative medical findings are applicable to Plaintiff's case because she filed her application after March 27, 2017 (Tr. 11, 402-03).   *See* 20 C.F.R. § 404.1520c.   The new regulations explicitly indicate "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s),"[7] in the record, even if it comes from a treating medical source.   20 C.F.R. § 404.1520c(a).[8]   Instead, Administrative Law Judges will now evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation.   20 C.F.R. § 404.1520c(a) and (b).   The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors.   20 C.F.R. § 404.1520c(c)(1)-(5).[9]   Of these five factors, the two most important are supportability and consistency.   20 C.F.R. § 404.1520c(a) and (b)(2).   Further, the regulation requires Administrative Law Judges to explain how they

---

7 At the initial and reconsideration levels State agency medical and psychological consultants review the evidence in the case record and make "administrative medical findings."   20 C.F.R. § 404.1513a(a)(1).   Administrative law judges "must consider" the administrative medical findings of non-examining state agency medical or psychological consultants according to the new regulation.   20 C.F.R. § 404.1513a(b)(1).

8 The language quoted above indicates that the new regulation has done away with the controlling weight rule in 20 C.F.R. § 404.1527(c)(2).

9 In assessing the relationship with the client, consideration should be given to the following: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship.   20 C.F.R. § 404.1520c(c)(3)(i)-(v).

considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion.   20 C.F.R. § 404.1520c(b)(2).   Notably, under the regulations Administrative Law Judges "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion.   20 C.F.R. § 404.1520c(b)(2).

The Court will discuss the relevant portions of the ALJ's decision and then respond to Plaintiff's challenge.   In connection with the RFC determination, the ALJ provided a comprehensive summary of Plaintiff's allegations, the third-party function report prepared by Plaintiff's mother, and Plaintiff's testimony during the hearing (Tr. 15-17).   The ALJ then provided a comprehensive discussion of the medical evidence in the record and the reasons why the ALJ concluded that Plaintiff's subjective statements concerning his impairments are not entirely consistent with the medical evidence and other evidence in the record (Tr. 17-19).   The ALJ's evaluation of the prior administrative medical findings reads:

> The undersigned has considered the prior administrative medical findings (Exh. 1A, 3A).  The DDS reviewing medical consultants opined the claimant is capable of light level work with postural, manipulative, and environmental limitations.  The undersigned finds these opinions persuasive.  DDS reviewing medical consultant are highly qualified experts in evaluating Social Security disability claims and have cited objective medical and other evidence in support of their opinions.  Their opinions are also generally consistent with the evidence of record as described in detail and pin cited above, including abnormalities on radiographic studies of the spine and EMG/NCS of the extremities and abnormalities on physical examinations of diminished sensation in the extremities, reduced range of motion of the spine, decreased motor strength of the extremities, and decreased grip strength (*see*, Exh. 3F, 12F, 13F, 14F, 16F, 17F).

(Tr. 19).   The above findings are supported by substantial evidence in the record and comport with the regulations which require the ALJ to explain how he considered the supportability and consistency factors in determining the persuasiveness of the prior administrative medical findings. 20 C.F.R. § 404.1520c(b)(2).

As is common in these cases, the administration received additional evidence after the State agency medical consultants reviewed the record and rendered their opinions.   *See* Kelly v. Comm'r of Soc. Sec., 314 F. App'x 827, 831 (6th Cir. 2009).   The ALJ specifically found that the opinions are "generally consistent" with all the evidence in the record—including the subsequently received medical Exhibits 5F through 17F—that are discussed in detail, with pinpoint citations, in the preceding paragraphs of the decision.   Contrary to Plaintiff's contention, the ALJ did not inappropriately play doctor but instead weighed the evidence and gave Plaintiff the benefit of the doubt by deciding to further reduce the postural and manipulative limitations in Plaintiff's RFC to occasionally (as opposed to frequently) climb ramps/stairs; occasionally (as opposed to unlimited) overhead reaching bilaterally; and frequently (as opposed to unlimited) feeling (*compare* Tr. 15 *with* Tr. 309-10).   The Court notes that Plaintiff has not made a clear showing that the subsequently received evidence fatally undermines the accuracy of the prior administrative medical findings.   Id.   Moreover, the Court agrees with Defendant that the ALJ's additional limitations ultimately benefited Plaintiff and cannot constitute error.

2.  *Request for a Sentence Six Remand*

At issue is additional medical evidence that Plaintiff submitted to the Appeals Council while the case was pending on a request for review of the ALJ's November 1, 2021, decision (DN 12 PageID # 904) (citing Tr. 34-250).   Plaintiff contends that all the medical evidence is

10

considered "new" because it was either not before the ALJ at the time of decision—the pain management records dated October 11 and 21, 2021 (Tr. 247-250) and November 1, 2021 (Tr. 243-46)—or it was generated after the ALJ's decision (Id. at 905).   Plaintiff argues this additional medical evidence is material as it will likely justify a favorable decision (Id.).   Plaintiff asserts that good cause exists for his failure to present the evidence prior to the ALJ decision because, with the exception of the October 2021 pain management records, all the evidence was generated as a result of continued treatment of his conditions after the ALJ's decision (Id.).

In response, Defendant points out that the Appeals Council already considered the October 2021 treatment records from Wheeler Medical and Interventional Pain Specialists and found they did not show a reasonable probability that they would change the outcome of the decision (DN 16 PageID # 922) (citing Tr. 2, 217-20, 247-50).   Defendant asserts that the Appeals Council considered the other medical records which post-dated the ALJ's decision and determined that the evidence did not relate to Plaintiff's condition during the period at issue or affect the ALJ's decision about whether Plaintiff was "disabled" on or before November 1, 2021 (Id.) (citing Tr. 2, 34-216, 243-46).   Defendant indicates that Plaintiff has not demonstrated the evidence is material (Id. at PageID # 923-25).

"A district court's authority to remand a case . . . is found in 42 U.S.C. § 405(g) . . ." Hollon ex rel. Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 482-83 (6th Cir. 2006).   The sixth sentence of § 405(g), authorizes "a pre-judgment remand for consideration of new and material

evidence that for good cause was not previously presented to the [Commissioner] . . . ."   Faucher v. Sec'y of Health & Hum. Servs., 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)).

The Supreme Court of the United States has explained that evidence is "new" only if it was "not in existence or available to the claimant at the time of *the administrative proceeding*." Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990) (emphasis added); *see* Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991) (indicating that evidence is "new" if it was not available to the claimant at the time of the administrative proceeding).   The Sixth Circuit uses "administrative proceeding" and "hearing" interchangeably in its discussion of the applicable law.   *See e.g.,* Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 276 (6th Cir. 2010); Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001).   Thus, in assessing whether the evidence is new, the issue is whether the medical records existed or were available to Plaintiff at the time of the administrative hearing.

Evidence is "material" only if there is "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence."   Ferguson, 628 F.3d at 276 (quoting Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001)); Sizemore v. Sec'y of Health & Hum. Servs., 865 F.2d 709, 711 (6th Cir. 1988).   Notably, evidence is not considered material if it merely depicts an aggravation or deterioration in an existing condition.   Sizemore, 865 F.2d at 712.

"Good cause" is demonstrated by showing "a reasonable justification for *the failure to acquire and present the evidence for inclusion in the hearing* before the ALJ."   Foster, 279 F.3d at 357 (emphasis added).   Clearly, this rule of law applies when the medical evidence is available at the time the ALJ conducts the administrative hearing.   The Sixth Circuit has also indicated that "good cause" is "shown for remand if the new evidence arises from continued medical treatment

12

of the condition, and was not generated merely for the purpose of attempting to prove disability." Koulizos v. Sec'y of Health & Hum. Servs., No. 85-1654, 1986 WL 17488, at *2 (6th Cir. Aug. 19, 1986) (citing Wilson v. Sec'y of Health & Hum. Servs., 733 F.2d 1181 (6th Cir. 1984); Willis v. Sec'y of Health & Hum. Servs., 727 F.2d 551 (6th Cir. 1984)).   This rule of law applies when the evidence is not available at the time the ALJ conducted the administrative hearing.   For example, in Wilson the medical evidence concerned treatment the claimant received months after the administrative hearing.   733 F.2d at 1182-83.

Plaintiff submitted these very medical records to the Appeals Council in support of his request for review of the ALJ's decision (Tr. 1-2, 34-250).   The Appeals Council acknowledged receipt of the additional medical evidence and advised that Plaintiff must show the evidence is new, material, and good cause exists "for why you missed informing us about or submitting it earlier" (Tr. 1-2).

The Appeals Council began by addressing the "medical records from Wheeler Medical dated from September 9, 2021 to September 15, 2021 (4 pages); [and] medical records from Interventional Pain Specialists dated from October 11, 2021 to October 21, 2021 (4 pages)" (Tr. 2).   It found, "this evidence does not show a reasonable probability that it would change the outcome of the decision" (Id.).   The Court has reviewed these treatment notes from Wheeler Medical (Plaintiff requested a functional capacity test and sought treatment for a rash) (Tr. 216-20) and Interventional Pain Specialists (Plaintiff sought treatment for neck pain) (Tr. 247-50). The information set forth in these medical records is innocuous because it sets forth information that can also be found in medical records that the ALJ already considered.   Consequently, Plaintiff cannot demonstrate there is a reasonable probability that the ALJ would have reached a different

disposition of Plaintiff's disability claim if the ALJ had the opportunity to consider these medical records.   *See* Ferguson, 628 F.3d at 276.

Plaintiff also submitted to the Appeals Council: treatment records from Interventional Pain Specialist dated August 3, 2022 (Tr. 34-36); medical records from WKONA dated from July 22, 2022 to July 28, 2022 (Tr. 37-44); medical Records from Taylor Regional Hospital dated from May 27, 2022 to July 21, 2022 (Tr. 45-75); medical Records from Taylor Regional Hospital dated from April 6, 2022 to May 27, 2022 (Tr. 76-94); medical records from Taylor Regional Hospital dated from March 24, 2022 to June 3, 2022 (Tr. 95-127); medical records from KORT Physical Therapy dated from April 15, 2022 to May 3, 2022 (Tr. 128-59); medical records from WKONA dated March 23, 2022 to May 16, 2022 (Tr. 160-76); medical records from Alysia Wheeler APRN dated from January 31, 2022 to March 18, 2022 (Tr. 177-83); medical records from Bowling Green Neurosurgical dated February 11, 2022 (Tr. 184-88); medical records from Taylor Regional Hospital dated from February 15, 2022 to March 7, 2022 (Tr. 189-201); medical records from Taylor Regional Hospital dated from December 27, 2021 to January 12, 2022 (202-15); medical records from Wheeler Medical dated January 10, 2022 (Tr. 221-27); and medical records from Interventional pain specialists dated from November 1, 2021 to January 6, 2022 (Tr. 228-46).   The Appeals Council observed that the ALJ decided Plaintiff's case through November 1, 2021 (Tr. 2).   The Appeals Council explained this additional evidence does not affect the ALJ's decision—which addressed whether Plaintiff was disabled on or before November 1, 2021—because the evidence does not relate back to the period at issue (Id.).

After reviewing the above identified medical records, the Court notes the absence of any medical opinion explaining how this additional evidence relates back to Plaintiff's condition

during the time frame addressed by the ALJ's decision, February 14, 2020 through November 1, 2021 (Tr. 21-22).   The Court finds this additional evidence is not material because it merely depicts an aggravation or deterioration in Plaintiff's existing conditions.   *See* <u>Sizemore</u>, 865 F.2d at 712.

As explained above, Plaintiff has not demonstrated the additional evidence is material. The Court concludes this is an adequate reason to deny Plaintiff's request for a remand pursuant to the sixth sentence in § 405(g).   Consequently, there is no need to address whether Plaintiff has demonstrated the additional evidence is new and that good cause exists for his failure to acquire and present this evidence for inclusion in the hearing before the ALJ.

### D.  Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ."   <u>Warner v. Comm'r of Soc. Sec.</u>, 375 F.3d 387, 390 (6th Cir. 2004) (cleaned up).   Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ.   42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law.   <u>Id.</u>   After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law.   Therefore, Plaintiff is not entitled to relief with regard to his challenge.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's request for pre-judgment remand pursuant to the sixth sentence in 42 U.S.C. § 405(g) is **DENIED**, and the final decision of the Commissioner is **AFFIRMED**.

January 11, 2024

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:       Counsel

16